```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Melissa Fireside

     v.                              Civil No. 17-cv-374-LM
                                     Opinion No. 2018 DNH 021
College for America,
Southern New Hampshire University
```

**O R D E R**

Plaintiff Melissa Fireside brings this suit against defendant Southern New Hampshire University ("SNHU"), asserting claims arising out of SNHU's decision not to hire her for two full-time positions.[1] SNHU moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See doc. no. 49. Fireside objects. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a

---

[1] This suit was originally filed in state court in Oregon and was subsequently removed by SNHU to the federal district court for the District of Oregon. The case was later transferred to this court.

plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**BACKGROUND**

The following facts are taken from Fireside's complaint. In September 2015, SNHU hired Fireside to work remotely from her home in Oregon as a part-time faculty reviewer in its College for America division.  A faculty reviewer evaluates student projects for competency.

On December 19, 2015, Fireside applied for a full-time team lead position within the Psychology Department of SNHU, for which she was qualified.  On January 14, 2016, Fireside had a second-round telephone interview with Julie-anne Edwards, the Director of Operations, during which they discussed the position and start date. During this interview, Fireside informed Edwards that she was pregnant.  Fireside also informed Edwards of her expected delivery date.  In response, Edwards asked how much time Fireside planned to take for maternity leave, to which Fireside replied one month.

Edwards stated that SNHU had made exceptions to start dates in the past. Edwards informed Fireside, however, that she would not select her for the position because her "due date interfered with the position start date and training period." Doc no. 1-1 at ¶ 10. Edwards also told Fireside that she would inform the hiring committee that Fireside was unable "to perform in the position." Id. at ¶ 12. Edwards called Fireside again on January 20, 2016, to notify her that SNHU did not select her for the job. In February 2016, SNHU hired someone who was not pregnant for the team lead position.

On or about April 25, 2016, Fireside applied for a full-time faculty position in SNHU's Psychology Department. While her application was pending, Fireside filed a Charge of Unlawful Discrimination against SNHU on or about June 3 with the U.S. Equal Employment Opportunities Commission ("EEOC"), which she also filed with the Oregon Bureau of Labor and Industries ("BOLI") and the New Hampshire Commission for Human Rights ("NHCHR") at the same time.

SNHU did not interview Fireside for the faculty position. On August 1, 2016, Fireside received a letter from SNHU's Human Resources department denying her the job. Fireside alleges that SNHU was aware of her discrimination complaint when it rejected her for the second position as a full-time faculty member. On August 19, Fireside filed an amended complaint with the EEOC,

BOLI, and NHCHR, which included additional allegations of discrimination.

**DISCUSSION**

Fireside alleges five claims, each under Oregon state law: pregnancy discrimination under Oregon Revised Statute ("ORS") 659A.030(1)(a); pregnancy discrimination under ORS 659A.030(1)(b); retaliation for filing a discrimination complaint under ORS 659A.030(1)(f); aiding and abetting pregnancy discrimination under ORS 659A.030(1)(g); and retaliation for bringing a civil proceeding under ORS 659A.230. SNHU moves to dismiss all of the claims, and Fireside objects.[2]

I.  Count I – Refusal to Hire/Sex Discrimination

In the first claim for relief, Fireside contends that SNHU discriminated against her because of her sex, in violation of ORS 659A.030(1)(a), when it rejected her for the team lead and faculty positons.  The statute makes it an unlawful employment practice "[f]or an employer, because of an individual's . . .

---

[2] In her objection, Fireside argues that the court should not consider the motion to dismiss because it was filed simultaneously with the answer and was thus untimely. Fireside is incorrect.  See 5C Charles Alan Wright & Arthur Miller, [Federal Practice & Procedure § 1361 (3d ed. 2017)](stating that where the motion to dismiss is filed simultaneously with the answer, "the district court will view the motion as having preceded the answer and thus as having been interposed in timely fashion").

4

sex . . . to refuse to hire or employ the individual." ORS 659A.030(1)(a). Under the statute, "sex" includes pregnancy, childbirth and related medical conditions or occurrences. ORS 659A.029.

"Because ORS 659A.030 is patterned after Title VII, both Oregon and federal courts have considered federal Title VII [ ] case law instructive when construing state law." Jernigan v. Alderwoods Grp., Inc., 489 F. Supp. 2d 1180, 1192 n.6 (D. Or. 2007) (internal citations omitted). Relying on this principle, SNHU argues that Fireside cannot meet the familiar McDonnell-Douglas framework that applies to Title VII cases, see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which requires a plaintiff to establish a prima facie case of discrimination. To state a prima facie case of discrimination, a plaintiff must allege facts showing that (1) she was a member of a protected class; (2) she was qualified for the position; (3) she was rejected for the position; and (4) the defendant continued to seek applicants who had similar qualifications to the plaintiff. Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002) (citing McDonnell Douglas, 411 U.S. at 793).

SNHU argues that Count I must be dismissed because Fireside fails to allege sufficient facts about her own and the other candidates' qualifications to satisfy the elements of a prima facie case of sex discrimination. Further, as to the faculty

position, SNHU notes that Fireside does not allege any details about the individual who was ultimately hired.

SNHU overstates Fireside's burden at this stage of the litigation. To survive a motion to dismiss, a complaint alleging Title VII discrimination "need not contain specific facts establishing a prima facie case of discrimination." Weaver-Ferguson v. Boston Pub. Sch., No. CV 15-13101-FDS, 2016 WL 1626833, at *3 (D. Mass. Apr. 22, 2016) (internal quotation marks, citation, and emphasis omitted); see also Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24 (1st Cir. 2014) ("[P]laintiffs need not plead facts in the complaint that establish a prima facie case under Title VII nor must they 'allege every fact necessary to win at trial.'") (quoting Rodríguez-Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014)). Instead, "[t]he plausibility standard governs on a motion to dismiss. So, no single allegation need establish some necessary element of the cause of action, provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible." Garayalde-Rijos, 747 F.3d at 24 (internal quotation marks, citation, and alterations omitted). Although a plaintiff need not establish a prima facie case of discrimination at the pleading stage, "elements of a prima facie case may be used as a prism to shed

light upon the plausibility of the claim." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

Here, Fireside alleges that Edwards made statements—when interviewing her for the team lead position—that showed Edwards viewed Fireside's pregnancy in a negative light. Fireside alleges that Edwards told her she would not be selected because her "due date interfered with the start date and training period." Doc. no. 1-1 at ¶ 10. In the same interview, Edwards conceded that SNHU had made exceptions to start times in the past. Edwards concluded the interview by telling Fireside that she would relay to the hiring committee Fireside's "inability to perform in the position." Id. at ¶ 12. Fireside further alleges that the position remained open even after she was rejected, and that SNHU hired someone who was not pregnant in February 2016. Construed favorably to Fireside, the facts plausibly allege that Fireside was qualified for the team lead position but SNHU rejected her because of her pregnancy.

With respect to the faculty position, SNHU is correct that Fireside provides less detail. However, Fireside applied for the faculty position a mere three months after SNHU rejected her for the team lead position. Fireside also filed a complaint against SNHU (with the EEOC and its state analogs in both Oregon and New Hampshire) while her application for the faculty position was pending. In light of Fireside's allegations

7

concerning Edwards's statements during the earlier interview, the court finds the allegations concerning the faculty position sufficiently plausible to survive a motion to dismiss. Dismissal of that portion of Count I is therefore inappropriate at this stage of the litigation.

Thus, with respect to Count I, SNHU's motion to dismiss is denied.

## II. Count II – Discrimination in Compensation/Terms

In Count II, Fireside contends that SNHU discriminated against her on the basis of her sex, in violation of ORS 659A.030(1)(b), by denying her a full-time position and thereby denying her a raise. This provision makes it an unlawful employment practice "[f]or an employer, because of an individual's . . . sex . . . to discriminate against the individual in compensation or in terms, conditions or privileges of employment." ORS 659A.030(1)(b).

SNHU argues that this claim fails for the same reasons as Count I, namely, that Fireside did not allege sufficient facts about her qualifications or those of the hired candidates. The court declines to dismiss Count II on this basis for the same reasons discussed above.

SNHU also argues that if Fireside bases Count II on SNHU's rejection of her for the team lead and faculty positions, the

claim is duplicative of her ORS 659A.030(1)(a) claim and thus should be dismissed. At this early stage, the court declines to decide if Count II is duplicative. See Silva v. Metro. Life Ins. Co., 762 F.3d 711, 727 (8th Cir. 2014) (finding that a court is better equipped at summary judgement "to assess the likelihood for duplicate recovery, analyze the overlap between claims, and determine whether one claim alone will provide the plaintiff with adequate relief" (internal citations omitted)).

Accordingly, with respect to Count II, SNHU's motion to dismiss is denied.

### III. Count III – Retaliation

In the third claim for relief, Fireside alleges that her rejection from the faculty position was in retaliation for filing an administrative complaint with the EEOC, BOLI, and NHCHR. Fireside brings this claim under ORS 659A.030(1)(f), which makes it an unlawful employment practice "[f]or any person to discharge, expel, or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." ORS 659A.030(1)(f).

SNHU moves to dismiss Count III on the grounds that Fireside fails to plead sufficient facts to substantiate a

9

causal link between her administrative complaint and her rejection. Fireside asserts that the close temporal proximity of her filing of the complaint and SNHU's rejection of her application is sufficient to support her claim at this stage.

To state a claim of retaliation under ORS 659A.030, Fireside must allege facts showing (1) that she engaged in protected activity; (2) she was subjected to an adverse employment action by her employer; and (3) that there is a causal link between the protected activity and the adverse action. Kim v. Prudential Fin., Inc., No. 3:15-cv-2029-PA, 2016 WL 2595477, at *6 (D. Or. May 4, 2016). Plaintiff may satisfy the causation element through circumstantial evidence, including close temporal proximity and the employer's knowledge of the protected activity. Id. (citing Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987)); see also Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) ("[I]n some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity.").

Here, less than two months passed between Fireside's administrative complaint and SNHU's rejection of her application for the faculty position. Fireside filed her first administrative complaint on June 3, 2016 and received a denial letter from SNHU 59 days later on August 1. Such close temporal

proximity, in light of Fireside's allegations that SNHU was aware of her complaint with the EEOC, BOLI, and NHCHR, is sufficient to show a causal link at the motion to dismiss stage. See, e.g., Gascard v. Franklin Pierce Univ., 14-cv-220-JL, 2015 WL 1097485, at *5 (D.N.H. Mar. 11, 2015) (finding that alleged temporal proximity of four months between the protected conduct and adverse employment action was sufficient to plead causation); Gordon v. Hughes, 2:13-cv-01072-JAD-GWF, 2015 WL 1549141, at *2 (D. Nev. Apr. 7, 2015) (holding that three months between the complaint and adverse employment action was sufficient to allege causation on timing alone to survive a 12(b)(6) motion); see also Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir. 1999).

Therefore, the court declines to dismiss Count III on that basis.[3]

---

[3] There may be a separate question as to whether Fireside's complaints to the EEOC and NHCHR can provide grounds for a retaliation claim under the statute. See ORS 659A.030(1)(f); OAR 839-005-0125(2)(a)(B) (interpreting statute to cover a person who files a charge, testifies, or assists "in an investigation, proceeding, or lawsuit under ORS Chapter 659A" (emphasis added)).  Because the parties have not addressed the issue, and given that the claim would still survive based on Fireside's complaint to the BOLI, the court need not resolve the question at this juncture.

11

IV.  Count IV – Aiding and Abetting

In the fourth claim for relief, Fireside alleges that SNHU's "divisions, department, Human Resources and agents were aware of plaintiff's applications for employment and her pending pregnancy discrimination claims against SNHU and denied her employment as a Faculty member with that knowledge."  Doc. no. 1-1 at ¶ 40.  Fireside brings this claim under ORS 659A.030(1)(g), which makes it an unlawful employment practice "for any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter."

SNHU argues that Count IV does not state a claim for relief because Fireside has not alleged any facts regarding the alleged abettors' names, identities, or specific actions.  Fireside counters that she did name one individual, Julie-anne Edwards, and may secure other names through discovery.

Although the complaint lacks factual allegations concerning the alleged abettors, Count IV fails for a much simpler reason: Fireside named only one defendant in this action.  Although Edwards appears as a key player in the complaint, she is not a defendant in this case and she is not referenced in the allegations in Count IV.  Fireside cannot sustain a claim that SNHU aided and abetted itself.  See, e.g., Cain v. Atelier

Esthetique Inst. of Esthetics, Inc., No. 13-CV-7834(GBD)(JCF), 2015 WL 1499810, at *2 n.6 (S.D.N.Y. Mar. 27, 2015) (granting summary judgment for plaintiff's aiding and abetting discrimination claim because "there is only one defendant in this case, and a defendant cannot aid and abet its own allegedly discriminatory practices"); Maizner v. Haw., Dep't of Educ., 405 F. Supp. 2d 1225, 1239 (D. Haw. 2005) (dismissing plaintiff's claim that defendant aided, incited, compelled, or coerced himself into discriminating because "[t]here must be at least two persons (someone who incites, compels, or coerces, and some other person who is incited, compelled, or coerced)").

Accordingly, with respect to Count IV, SNHU's motion to dismiss is granted.

### V. Count V – Discrimination and Retaliation for Bringing a Civil Proceeding

In the fifth claim for relief, Fireside alleges that SNHU retaliated against her for filing an administrative complaint of discrimination in violation of ORS 659A.230. The statute states that:

> [i]t is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee . . . has in good faith brought a <u>civil proceeding</u> against an employer . . . .

ORS 659A.230(1) (emphasis added).

SNHU argues that this statute does not protect an employee, such as Fireside, from retaliation where the employee filed a complaint with an administrative agency. Indeed, the Oregon Court of Appeals has narrowly interpreted the statute to apply only to retaliation after employees filed civil or criminal actions, not administrative complaints. See Huber v. Or. Dep't of Educ., 230 P.3d 937, 942 (Or. Ct. App. 2010) (holding that plaintiff's complaint to the Department of Health & Human Services was an administrative matter—not a criminal or civil action—and therefore was not protected by the statute). Fireside contests this interpretation and points to an Oregon regulation that expressly states that the statute protects an employee's filing of a complaint with administrative agencies as well as courts. See OAR 839-010-0140(1)(a).

Recently, the Oregon Court of Appeals noted, but did not resolve, this "discrepancy" between Oregon case law, see Huber, 230 P.3d at 942, and the administrative rule, see OAR 839-010-0140. Folz v. State, 404 P.3d 1036, 1041 (Or. Ct. App. 2017). In light of this unsettled discrepancy, which neither party has adequately addressed, the court finds that SNHU has not shown that it is entitled to dismissal of Count V at this early stage.[4]

---

[4] SNHU also contends that Count V fails because it is duplicative of the claim in Count III, which SNHU argues fails to state a claim. As the court found above, however, Fireside

**CONCLUSION**

For the foregoing reasons, defendant SHNU's motion to dismiss (doc. no. 49) is granted in part and denied in part. It is granted as to Count IV and is otherwise denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 27, 2018

cc: Counsel of Record

---

has sufficiently pleaded Count III. Therefore, this argument is without merit.